**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50463**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 13, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DERICK DAVID BROWN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Order denying motion to dismiss and judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Derick David Brown appeals from his judgment of conviction for felony possession of a controlled substance and asserts the district court erred in denying his motion to dismiss. Brown argues that he was immune from prosecution under Idaho Code § 37-2739C because he was having a drug-related medical emergency. Brown was not suffering a drug-related medical emergency and thus was not immune from prosecution under I.C. § 37-2739C. The district court's order denying Brown's motion to dismiss and the judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Brown contacted police dispatch and reported that he was suicidal and in possession of a firearm before he hung up. Police arrived at the residence and observed through a window that Brown was pacing around in the front room. Through the dining area window, officers saw a piece of glass with fine lines of a white substance and suspected it was either methamphetamine or

1

cocaine. Officers contacted Brown who subsequently came out of the house, unarmed, and surrendered to police. Upon inquiry from the officers, Brown identified the location of the gun inside the residence and warned the officers to be careful retrieving the gun because it was near a power panel and there were live electrical wires. Officers searched the residence and identified the substance in the dining area as methamphetamine. Brown requested "amnesty" for the methamphetamine. Brown was read his *Miranda*[1] rights, stated he understood them, and requested a lawyer.

Brown was arrested and charged with one count of felony possession of a controlled substance. Brown filed a motion to dismiss, arguing that I.C. § 37-2739C applied and, thus, he should be immune from prosecution because he was experiencing a drug-related medical emergency. Following a hearing, the district court found there was a complete absence of evidence that Brown was suffering a medical emergency or that he was having any other issues that required medical intervention and treatment. The district court further found that Brown was conscious, alert, coherent, articulate, and even thoughtful about the safety of the officers on scene. The district court denied Brown's motion to dismiss. Brown entered a conditional guilty plea to felony possession of a controlled substance, I.C. § 37-2732(c)(1), reserving his right to appeal the district court's denial of the motion to dismiss. Brown timely appealed.

## II.

## STANDARD OF REVIEW

A trial court's decision regarding a motion to dismiss a criminal action is reviewed for an abuse of discretion. *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Like a motion to suppress evidence, when a decision on a motion to dismiss is challenged, this Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found. *Sarbacher*, 168

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1996).

Idaho at 4, 478 P.3d at 303. This Court will accept the trial court's findings of fact unless they are clearly erroneous. *Id.*

## III.

## ANALYSIS

Brown argues that, mindful of the district court's factual findings, the district court erred in denying his motion to dismiss because he was immune from prosecution pursuant to I.C. § 37-2739C. The State argues the district court did not err because Brown fails to provide legal support for a claim that the facts found by the district court warrant dismissal and does not challenge the district court's factual findings.

The district court found that the circumstances leading to Brown's arrest did not demonstrate that Brown was experiencing a medical emergency as contemplated by I.C. § 37-2739C.[2] In making this finding, the district court found there was no evidence presented that Brown was experiencing a medical emergency; and contrary to Brown's claim, the court found that Brown was conscious, alert, coherent, articulate, and even thoughtful about the safety of the officers when they arrived at his residence. On appeal, Brown does not contest the district court's finding that he was not experiencing a medical emergency. Brown instead, argues this Court should adopt the argument he made in the district court--that the "good faith" language from I.C. § 37-2739(C)(1) for people seeking medical attention for someone else should be engrafted onto the language of I.C. § 37-2739(C)(2) for a person seeking medical attention for himself. We decline to do so. Thus, because Brown does not challenge the district court's finding that he was

---

[2]     Idaho Code § 37-2739C provides in relevant part:

> (1) A person acting in good faith who seeks medical assistance for any person experiencing a drug-related medical emergency shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code . . . if the evidence for the charge of possession of . . . a controlled substance . . . was obtained as a result of the person seeking medical assistance.
>
> (2)  A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code . . . if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.

3

not experiencing a medical emergency, the court did not err in determining that I.C. § 37-2739C was inapplicable to Brown's case.

## IV.

## CONCLUSION

The district court did not err in denying Brown's motion to dismiss because he was not experiencing a drug-related medical emergency. The district court's order denying Brown's motion to dismiss and the judgment of conviction are affirmed.

Chief Judge GRATTON and Judge TRIBE CONCUR.